J. HENINGER AND REBECCA HENINGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 205. Promulgated January 16, 1928.

*W. L. Coley, Esq.*, for the petitioners.
*S. S. Faulkner, Esq.*, for the respondent.

OPINION.

PHILLIPS: Petitioners contend that of the 250 shares of stock sold in 1920, 225 shares were received in that year as a gift and had a value at the time received equal to the price for which sold. With this contention we can not agree. Without reviewing the evidence in detail, we may say that we are satisfied that there was an understanding between August and Heninger that the latter would be compensated for services performed in securing loans and endorsing notes for August and his corporation. This compensation was to

take the form of an increased interest in the corporation and stock was from time to time transferred to Heninger. It is true that such stock was pledged for the debts of the corporation, but while such debts are matters to be considered in determining its value, the fact that it was so pledged would not postpone the time when it became the property of petitioner to the date when the lien was discharged. We are of the opinion that 170 shares of the stock sold were received by Heninger in years prior to 1920 and that 55 shares were received in 1920. For the purpose of determining a profit or loss on the sale, it makes no difference whether they were received as compensation or as a gift; in either event their value when received was less than the price at which they were sold and the difference is subject to tax.

The Commissioner added to the tax asserted against J. Heninger an amount equal to 50 per cent of the deficiency as a penalty for filing a false and fraudulent return. Section 250(b) of the Revenue Act of 1918, under which the return was filed, provides for the imposition of such a penalty in the event of an understatement of tax liability which is false or fraudulent with intent to evade the tax. The same section provides a separate penalty for negligently omitting items of income. While we are satisfied that Heninger was, as a matter of law, the owner of stock in the corporation and that such stock was sold to August in 1920, we are also satisfied that Heninger never thought of himself as the owner of this stock, which was pledged as collateral for loans to the corporation and to August individually. He thought of this stock as something he was to have in the future when the loans were paid off, and when, in 1920, the money here in question was paid to him, we are satisfied that he looked upon it as a bonus and neither as salary nor as the sales price of any stock which he owned.

Without reviewing the evidence in detail we may say that the record contains much indicating the inherent business integrity of this petitioner. The penalty asserted by the Commissioner implies a willful intent to evade tax. We are satisfied that the petitioner had no such intent, although we can not agree with the contention of his counsel that there was no tax liability. Undoubtedly one who comprehended the legal situation would have either reported the transaction as a sale or would have incorporated into the return a complete statement of the transaction, thereby avoiding any implication of an attempt to avoid tax. In the circumstances of this case the failure to do so is not such as to be construed into an intent to evade tax. Whether a penalty should have been asserted for negligence is not before us and upon this question we express no opinion.

Petitioner alleged and proved that instead of understating his salary for 1919 by $500, as determined by respondent, he overstated it by $1,250. Instead of a deficiency for such year, there has been an overassessment. Petitioner also claims that the Commissioner erred when he determined that petitioner understated his salary for 1920 by $7,500. Undoubtedly a part of this amount is on account of the 55 shares of stock which were set over to the petitioner in 1920. In computing the gain from the sale of stock the Commissioner treated these 55 shares as having a value of $5,500 when acquired in 1920 and taxed as gain only the difference between the sales price and such value of $5,500. Since the stock was received by the petitioner in 1920 for services performed, its value is properly to be returned as income in that year. The circumstances are such as to lead us to believe that this accounts for a substantial part of the $7,500 increase in salary made by the Commissioner. In any event we are without any evidence from which we might learn what was the total salary of the petitioner in 1920 or from which we might determine whether the Commissioner was right or wrong in the adjustment made. We must, therefore, assume that the salary determined by the Commissioner is correct.

*Decision will be entered on 20 days' notice, under Rule 50.*