John M. Tregoning and Mabel A. Tregoning v. Commissioner.
Tregoning v. Commissioner
Docket No. 28824.
United States Tax Court
1952 Tax Ct. Memo LEXIS 251; 11 T.C.M. (CCH) 381; T.C.M. (RIA) 52109; April 18, 1952
*251 Ellsworth T. Simpson, Esq., 1406 G. St., N.W., Washington, D.C., for the petitioners. E. M. Woolf, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined deficiencies in income tax for the years 1944-1948, and fifty per cent penalties under section 293 (b) of the Internal Revenue Code as follows: Year
Deficiency
50% Penalty
1944
$ 867.16
$ 433.58
1945
4,682.87
2,341.44
1946
3,949.69
1,974.85
1947
2,948.47
1,474.24
1948
3,267.80
1,633.90
Total
$15,715.99
$7,858.01
The respondent reconstructed petitioners' taxable income for each year on the basis of annual increase in net worth plus annual living expenses. The questions to be decided are whether the respondent has applied properly the net worth increase method; whether the net cost of cows in each year is the amount adopted by the respondent, or some other amount in each year; whether the cost in 1945 of a new barn is the amount used by the respondent or another amount; and, finally, whether any part of the deficiency in each year is due to fraud with intent to evade tax. The petitioners *252 filed joint returns for each of the taxable years with the collector for the district of Maryland. Findings of Fact The petitioners, husband and wife, were residents of Cedar Grove, Maryland, in the taxable years. Since the issues presented relate only to the dairy farming business carried on by John M. Tregoning, he is sometimes referred to hereinafter as the petitioner. The petitioner operated two separate dairy farms in Cedar Grove during the years 1944-1948. He has not had any formal education. He began to work on farms when he was 12 years old. He is unable to write other than to sign his name. At some time he suffered a nervous disease which affected his memory. His wife has had only an elementary education. Neither the petitioner nor his wife knew how to prepare income tax returns, and it was necessary for them to have their returns prepared for them. Donald Bowie, a lawyer in Rockville, prepared their returns for 1944, and Arthur Watkins prepared their returns for 1945-1948. Watkins, a cousin of petitioner's wife, is a bookkeeper for a Rockville concern, but he is not an accountant, and he is not expert in preparing income tax returns. The petitioners signed each return, *253 acknowledging it to be correct. Watkins prepared the returns from figures he received from petitioner and his wife. Petitioners believed that he knew how to prepare their returns properly. Petitioners did not keep or have kept for them proper accounting records. Bank statements, cancelled checks, and check stubs and other miscellaneous records were kept, but for the years 1944 and 1945 such records have been lost. The petitioner has in his possession cancelled checks, check stubs, and bank statements for 1947, 1948, and 10 months of 1946. In preparing the joint returns for the taxable years, Watkins did not require or take inventories of cows, and he did not check such records as petitioners had. The petitioner did not keep, for the years in question, any record of his costs, purchases, sales, and losses of cows, or of the natural increases in the herds. Watkins believed that in the absence of records of costs of cows and the cost of a cow barn constructed in 1945, he could use value for the basis of the cows and of the barn for the purpose of computing annual depreciation. The cost of the barn constructed in 1945 was not more than $4,400. The net cost of cows for the taxable *254 years and the net cost of the increase in each year were as follows: 1943
1944
1945
1946
1947
1948
$9,000
$10,700
$17,500
$19,803.95
$24,020.99
$28,100.99
Net Cost
of increase
1,700
6,800
2,303.95
4,217.04
3,980.00
The costs of other assets (besides cows and the 1945 barn), and the liabilities of the petitioners, in each of the taxable years, and the amounts of the living expenses of the petitioners and their family are as have been set forth in joint exhibit 1-A, and in the schedule attached to the deficiency notice entitled "Income Adjustment," with the exception of the amounts set forth for the reserves for depreciation. These schedules are incorporated herein by this reference. The use of the net forth (based on cost of assets) plus living expenses method of determining the taxable net income of the petitioners for the taxable years is proper. No part of the deficiency for each year is due to fraud with intent to evade tax. Opinion The evidence in this proceeding establishes, in the best judgment of the Court, that the petitioners were ignorant to a very marked degree about the correct way to report annual income *255 from dairy farming operations. On their face, the returns filed indicated increase in net worth from year to year. Such disclosure is evidence in itself that there was lacking intent to conceal income. The Court carefully observed the petitioner, John M. Tregoning, during the trial of this proceeding and interrogated him. Since observations by the Court during trial are deemed to be of importance where the fraud penalty has been determined, it should be said that upon the trial and the entire record made the Court cannot conclude that there was intent to evade taxes. Our finding that no part of the deficiencies is due to fraud follows from our conclusion that there is not clear and convincing evidence of fraud. Under this issue, the respondent has not met his burden of proof. Cf. Charles C. Rice, 14 T.C. 503., J. Heninger et al., 9 B.T.A. 1318; James Nicholson, 32 B.T.A. 977, 989; aff'd on other points, 90 Fed. (2d) 978. Taxpayers are required to keep adequate records which truly reflect income. Ignorance does not relieve taxpayers of this duty and obligation. The petitioners failed to keep the required records of their business *256 enterprises. Such failure has been held to constitute negligence under section 293 (a) of the Code. However, the respondent had not determined that negligence penalties are due, and this Court cannot on its own motion impose penalties. The pleadings do not present any issue relating to the negligence penalty. See Duffin v. Lucas, 55 Fed. (2d) 786, 798. Because of the lack of adequate records for each of the years involved, the net taxable income of the petitioners is properly determined by use of the increase in net worth method. Under this method, cost of assets is properly used. Upon the record, the Court reaches the conclusion that the petitioners did not use the costs of the 1945 barn and of cows in the depreciation schedule attached to each return. Upon the evidence presented by the petitioner, the cost of the barn and the net cost of cows in each year has been found. These costs are the only items in dispute, the petitioners having agreed to other items and to the amount of living expenses in each year. Upon the findings made as to the disputed items of cost, the parties can complete joint exhibit 1-A and reconstruct the amounts of taxable income for the years *257 1946, 1947, and 1948. They shall agree upon depreciation reserves in accordance with respondent's regulations. Unless the reconstruction of income for 1944 and 1945 shows that gross income for 1944 and 1945 was understated to the extent of more than 25 per cent (section 275 (c)), deficiencies for these years are barred by the statute of limitations. Under Rule 50, the parties shall recompute the tax deficiencies. The Court recognizes fully the extraordinary amount of difficulty encountered by the respondent in correctly reconstructing the taxable net income of these petitioners, as well as the difficulty of the petitioners in reconstructing costs without adequate records. However, the petitioner, John M. Tregoning, in preparation for this trial of this proceeding, was able to obtain from vendors copies of invoices and evidence relating to the cost of the 1945 barn, and he produced his cancelled checks showing purchases of cows. He was able to state, in general, the facts from which the net cost of increase of cows in each year can be determined. The petitioners produced evidence under their burden of proof which is entitled to receive consideration. In our opinion, the petitioner's *258 computations made during the trial are credible and should be accepted in reaching a fair determination of the costs of cows for inclusion in the net worth increase schedule, in view of the unusually difficult circumstances. Under the Court's conclusions and findings, the respondent's determinations of deficiencies in tax for 1946, 1947, and 1948 are sustained in part. Decision will be entered under Rule 50.