**John E. BYRNE, Petitioner,**
**v.**
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**
**No. 15580.**

United States Court of Appeals
Seventh Circuit.
June 16, 1966.
Rehearing Denied July 12, 1966.

William N. Brady, Eugene P. Meegan, Chicago, Ill., for petitioner.

Richard M. Roberts, Asst. Atty. Gen., Tax Div., Albert J. Beveridge, III, Atty., Dept. of Justice, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

This petition for review of a Tax Court decision concerns income tax deficiencies determined against petitioner, John E. Byrne,[1] for the taxable years 1959 and 1960. The Commissioner of Internal Revenue determined that the taxpayer was not entitled to deductions claimed for those years as representing net operating losses. The Tax Court sustained the action of the Commssioner and entered its decision that there were deficiencies for such years in the amounts of $557.58 and $3,807.63, respectively. The taxpayer petitions for review.

The matter was heard before the Tax Court on stipulated facts which reveal that in 1940, the taxpayer purchased the outstanding stock of J. J. Glenn & Company, a corporation, for $13,000. The corporation elected, as a small business corporation, effective beginning with the year 1958, not to be subject to taxes as provided under Sections 1371 et seq. of the Internal Revenue Code of 1954 (26 U.S.C.A., Supp. Pamphlet, § 1371 to § 1377, inclusive). For the calendar year 1958, the corporation paid taxpayer, as president of the company, a salary of

---

1. The taxpayer-petitioner and his wife, Carrie M. Byrne, since deceased, filed joint returns for the years in question; they also owned the stock of J. J. Glenn & Company jointly. For purposes of simplicity the matter will be treated as if only petitioner was involved and he will be referred to as "taxpayer".

$42,000 although it sustained a net operating loss of $22,077.41. The salary was reported in taxpayer's 1958 return as income and the $22,077.41 operating loss was deducted. In 1959, the corporation again paid taxpayer a salary of $42,000; it suffered a net operating loss of $1,859.54, but achieved an overall profit of $6,713.66, as the result of a net long-term capital gain of $8,573.20. The taxpayer reported the salary as income and claimed a net operating loss deduction of $1,858.38. In 1960, the corporation sustained a net operating loss of $15,445.25, after payment of taxpayer's $42,000 salary. Again taxpayer reported the salary as income and claimed deduction for the operating loss.

The record discloses no contribution by the taxpayer to the corporation's capital but does disclose that from 1940 on undistributed profits had been permitted to accumulate with the result that the net worth of the corporation—the fair market value of the stock—was $129,686.82 as of December 31, 1958; $136,400.48 at the end of 1959; and $120,012.48 at the end of 1960.

The Commissioner disallowed the net operating loss deductions claimed for 1959 and 1960 and determined deficiencies in tax on the following basis: the loss which the corporation had suffered in 1958 and which had been deducted by the taxpayer in that year reduced the basis of his stock to zero, and consequently Sections 1374(c) (2) and 1376 (b) (1) of the Internal Revenue Code of 1954 [2] precluded the taxpayer from deducting the 1959 net operating loss. For the year 1960, the Commissioner denied any operating loss deduction in excess of $6,709.45, which he found to be the adjusted basis of taxpayer's stock in that year (the increase being due to the $6,709.45 long-term capital gain realized by the corporation), since a greater deduction would have reduced the basis of the taxpayer's stock below zero.

The basic contested issue presented for determination is whether the taxpayer-shareholder of the corporation may deduct the corporation's net operating loss in excess of the amount he paid for the corporation's stock.

The taxpayer contends that with the corporation's election to invoke the tax treatment afforded by the provisions of Sections 1371 to 1377, inclusive, his status as a shareholder-employee was changed to that of owner and proprietor, and that for income tax purposes his rights are no different than those of any self-employed owner of a business who has never incorporated that business; that his income is the amount of the net

2. The pertinent restrictions of these sections are:

§ 1374

\* \* \* \* \*

(2) *Limitation.*—A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—

(A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation (or, in respect of stock sold or otherwise disposed of during such taxable year, as of the day before the day of such sale or other disposition), and

(B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder, determined as of the close of the taxable year of the corporation (or, if the shareholder is not a shareholder as of the close of such taxable year, as of the close of the last day in such taxable year on which the shareholder was a shareholder in the corporation).

\* \* \* \* \*

§ 1376

(b) *Reduction in basis of stock and indebtedness for shareholder's portion of corporation net operating loss.*—

(1) *Reduction in basis of stock.* —The basis of a shareholder's stock in an electing small business corporation shall be reduced (but not below zero) by an amount equal to the amount of his portion of the corporation's net operating loss for any taxable year attributable to such stock (as determined under section 1374 (c)).

earnings of the business, whether more or less than the amount of the salary; and that such net earnings are determined by the difference between the receipts over expenses of the business, computed without including the salary as an expense of the business. The basic premise of these contentions is a complete disregard of the existence and status of the corporation for any substantive purpose once the privileges of the statute have been availed of by election of the corporation with shareholder consent.

 We recognize that the purpose of the statute here under consideration is to permit "business to select the form of business organization desired, without the necessity of taking into account major differences in tax consequence." S.Rep.No.1983, 85th Cong., 2d Sess., p. 87 (1958–3 Cum.Bull. 922, 1008); U. S. Code Congressional and Administrative News 1958, p. 4876. We agree with the observation of the Tax Court that the statute is designed "to permit a qualified corporation and its shareholders to avoid the double tax normally paid when a corporation distributes its earnings and profits as dividends" and this is accomplished in a specified manner which does not involve ignoring the corporate entity. Thus, while the statute provides that electing corporations "pass through" their taxable income or net operating loss to their shareholders for exclusive tax recognition by the latter it also places a limitation upon the deduction by a shareholder of his portion of the company's net operating loss. It limits such deduction to the adjusted basis of his stock plus the adjusted basis of any indebtedness of the corporation to him (Section 1374), with a further restriction (Section 1376) that the basis of a shareholder's stock shall not be reduced below zero.

Taxpayer's argument to the effect that the basis of his stock is its fair market value as of the commencement of the taxable year (1958) for which the election became effective is unpersuasive. That the sections here involved contain no definition of "adjusted basis" is with-

out import. The adjusted basis of the stock of a corporate shareholder is the cost of the stock plus any contribution the shareholder may have made to the capital of the corporation. Sections 1012 and 1016, Internal Revenue Code of 1954. The taxpayer purchased the stock of the corporation for $13,000. The retained earnings and profits accumulated from 1940 to 1958 were not contributions by the shareholder-taxpayer to the corporation's capital. It is obvious that they do not serve to increase his basis for his stock.

We perceive no error in the Tax Court's construction or application of the statutory provisions here involved. The decision of the Tax Court is affirmed.

Affirmed.