RICHARD LEE PLOWDEN AND DALE T. PLOWDEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

EDWARD LEE ROBERTS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5080–65, 5081–65. Filed August 9, 1967.

Richard Lee Plowden and Edward Lee Roberts, pro se.
*J. Larry Broyles*, for the respondent.

OPINION

ATKINS, *Judge:* The respondent determined income tax deficiencies of $597.38, $2,579.60, $5,975.52, and $280.94 against the petitioners Richard Lee Plowden and Dale T. Plowden for the taxable years

1960, 1961, 1962, and 1963, respectively, and deficiencies of $1,213.82, $3,394.59, and $7,079.85 against the petitioner Edward Lee Roberts for the taxable years 1960, 1961, and 1962, respectively. The issue is whether the petitioners are entitled to deduct on their individual returns for the taxable year 1963 their share of the entire net operating loss sustained by their wholly owned subchapter S corporation in its taxable year 1963, which would result in net operating loss carryback deductions for the years 1960 through 1962.

All of the facts have been stipulated and the stipulations are incorporated herein by this reference.

The petitioners Richard Lee Plowden and Dale T. Plowden, husband and wife, and the petitioner Edward Lee Roberts are residents of Columbia, S.C., and filed Federal income tax returns (the Plowdens filed joint Federal income tax returns) for the taxable years involved with the district director of internal revenue, Columbia, S.C. Dale T. Plowden is a party herein solely by reason of having filed joint income tax returns with her husband, and Richard Lee Plowden and Edward Lee Roberts will hereinafter be referred to as the petitioners.

During the years involved herein the petitioner Plowden was president of Plowden & Roberts, Inc. (hereinafter referred to as the corporation), a corporation chartered in 1953 under the laws of the State of South Carolina, and the petitioner Roberts was secretary-treasurer of such corporation. The petitioners each paid in $1,000 when the corporation was formed, and each received 50 percent of the outstanding stock issued by it. On January 1, 1962, the corporation elected taxable status as a small business corporation under the provisions of subchapter S of the Internal Revenue Code of 1954. Prior to such election its earned surplus was $20,598.24.

In the small business corporation return (Form 1120-S) filed by the corporation for the taxable year 1962, it reported taxable income of $30,887.32 and reported the petitioners' undistributed taxable income to be $30,852.64. The Form 1120-S filed by the corporation for the taxable year 1963 showed a net operating loss of $109,229.80. In their individual returns for the taxable year 1963 each of the petitioners claimed as a loss deduction one-half of the corporation's reported net operating loss for that year. The petitioner Plowden reported a net operating loss of $36,909.21 on his return for the taxable year 1963, and the petitioner Roberts reported a net operating loss of $34,078.71 on his return for the taxable year 1963. In February 1964 each of the petitioners filed with the district director of internal revenue an Application for Tentative Carryback Adjustment (Form 1045), under section 6411 of the Internal Revenue Code of 1954, requesting the carryback of his net operating loss for

1963 to the taxable years 1960, 1961, and 1962. Pursuant to such application, the district director allowed such adjustments for the taxable years 1960, 1961, and 1962 and made refunds in the respective amounts of $597.38, $2,579.60, and $5,975.52 for the petitioner Plowden, and in the respective amounts of $1,213.82, $3,394.59, and $7,079.85 for the petitioner Roberts.

In the notices of deficiency the respondent determined that the petitioners Plowden and Roberts were entitled to deduct for the taxable year 1963 only $16,426.32 and $21,426.32, respectively, of the corporation's net operating loss for that year. The respondent calculated the allowable losses by limiting the loss in each case to the cost of the petitioner's stock in the corporation and the petitioner's share of undistributed taxable income from the corporation for the taxable year 1962. To this sum the respondent added, in the case of the petitioner Roberts, the amount of $5,000 representing the amount owned by the corporation to Roberts as of the end of the corporation's taxable year 1963. The amount of the corporation's net operating loss allowed each petitioner as a deduction for 1963 and the amounts disallowed in the notices of deficiency are as follows:

|  | *Edward Lee Roberts* | | *Richard Lee Plowden* |
| --- | --- | --- | --- |
| Loss claimed per return____ | _____ | $54,614.90 | $54,614.90 |
| Original cost of stock____ | $1,000.00 | | $1,000.00 |
| Share of undistributed taxable income (1962)__ | 15,426.32 | | 15,426.32 |
| Share of liability owed shareholder_____ | 5,000.00 | | 0 |
| Total loss allowed_____ | _____ | 21,426.32 | 16,426.32 |
| Loss disallowed_____ | _____ | 33,188.58 | 38,188.58 |

The disallowances shown above resulted in the determination that the petitioners did not sustain net operating losses for the taxable year 1963, that, accordingly, no net operating loss carrybacks were available to them as deductions for the taxable years 1960, 1961, and 1962, and that there are deficiencies against the petitioner Plowden for each of the taxable years 1960, 1961, 1962, and 1963 and against the petitioner Roberts for each of the taxable years 1960, 1961, and 1962.[1]

The petitioners complain that the respondent has not given them the full benefit of the corporation's net operating loss for its taxable year 1963. For reasons set forth hereinafter, we think that the respondent's determinations were correct.

Since the corporation, with the consent of its stockholders, the petitioners, elected under section 1372 of the Internal Revenue Code

---

[1] Although the respondent's determination with respect to the petitioner Roberts eliminated any net operating loss for 1963 available as a carryback, it did not result in the determination that Roberts had taxable income for the year 1963.

of 1954,[2] not to be subject to the taxes imposed by chapter 1 of the Code, its stockholders are subject to the provisions of sections 1373 through 1376 of the Code.

Section 1373 of the Code provides that the undistributed taxable income of an electing small business corporation for any taxable year shall be included in the gross income of the shareholders in the manner and to the extent set forth therein.

Section 1374(b) of the Code provides that each person who is a shareholder of an electing small business corporation during a taxable year of the corporation in which it has a net operating loss shall be allowed as a deduction from gross income, for his taxable year in which or with which the taxable year of the corporation ends, an amount equal to his portion, as determined under subsection (c), of the corporation's net operating loss. Subsection (c) contains the following limitation:

(2) LIMITATION.—A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—

(A) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of the shareholder's stock in the electing small business corporation, determined as of the close of the taxable year of the corporation * * * and

(B) the adjusted basis (determined without regard to any adjustment under section 1376 for the taxable year) of any indebtedness of the corporation to the shareholder, determined as of the close of the taxable year of the corporation * * *

Section 1376 of the Code [3] provides for adjustments to the basis of a shareholder's stock and the basis of any indebtedness of the corporation to a shareholder.

---

[2] Sec. 1372 of the Code provides, in part, as follows :

(a) ELIGIBILITY.—Except as provided in subsection (f), any small business corporation may elect, in accordance with the provisions of this section, not to be subject to the taxes imposed by this chapter. Such election shall be valid only if all persons who are shareholders in such corporation—

(1) on the first day of the first taxable year for which such election is effective, if such election is made on or before such first day, or

(2) on the day on which the election is made, if the election is made after such first day,

consent to such election.

(b) EFFECT.—If a small business corporation makes an election under subsection (a), then—

(1) with respect to the taxable years of the corporation for which such election is in effect, such corporation shall not be subject to the taxes imposed by this chapter and, with respect to such taxable years and all succeeding taxable years, the provisions of section 1377 shall apply to such corporation, and

(2) with respect to the taxable years of a shareholder of such corporation in which or with which the taxable years of the corporation for which such election is in effect end, the provisions of sections 1373, 1374, and 1375 shall apply to such shareholder, and with respect to such taxable years and all succeeding taxable years, the provisions of section 1376 shall apply to such shareholder.

[3] Sec. 1376 of the Code provides in part as follows :

(a) INCREASE IN BASIS OF STOCK FOR AMOUNTS TREATED AS DIVIDENDS.—The basis of a shareholder's stock in an electing small business corporation shall be increased by the

In the case of the petitioner Plowden the respondent's disallowance, as a deduction to him for 1963, of a portion of the corporation's net operating loss for that year resulted in the determination of a deficiency against him for that year, and in the case of each petitioner the disallowance resulted in the determination that he had no net operating loss for the year 1963 and hence was not entitled to net operating loss carrybacks to the taxable years 1960, 1961, and 1962.

Under the statutory provisions it is clear that the petitioners are not entitled to deduct for the taxable year 1963 the full amount of the corporation's net operating loss for that year. The respondent has properly limited, in accordance with section 1374(c)(2), the amount of the deduction to which each petitioner is entitled for the taxable year 1963 on account of the corporation's net operating loss. He has properly increased the basis of the petitioners' stock by the amount of the corporation's undistributed taxable income for the corporation's taxable year 1962, and has taken into account the indebtedness of the corporation to the petitioner Roberts. The petitioners make some point of the fact that subchapter S does not define the term "adjusted basis" of stock referred to in section 1374(c)(2). However, we think it obvious that Congress intended that the general basis provisions of the Code should be applicable, with the adjustments provided by section 1376. See *Byrne* v. *Commissioner* (C.A. 7) 361 F. 2d 939, affirming 45 T.C. 151. Section 1011 provides that the adjusted basis shall be the basis determined under section 1012 or other applicable sections, adjusted as provided in section 1016, and section 1012 provides that the basis of property shall be the cost except as otherwise provided. The respondent has here taken as the adjusted basis of the stock the amount paid therefor, namely, $1,000 in the case of each petitioner and has added thereto each petitioner's share of the corporation's undistributed taxable income for the corporation's taxable year 1962, in accordance with section 1376(a) of the Code.

The petitioners contend that the limitation contained in section 1374(c) applies only for purposes of determining the amount of the deduction to which the shareholder is entitled in computing gross income for the pertinent taxable year and that such section is totally silent as to the further use by the shareholder of the balance left of the corporation's net operating loss as a carryback to past years. They claim that under the circumstances they should "have 100 percent

amount required to be included in the gross income of such shareholder under section 1373(b), but only to the extent to which such amount is included in his gross income in his return, increased or decreased by any adjustment of such amount in any redetermination of the shareholder's tax liability.

(b) REDUCTION IN BASIS OF STOCK AND INDEBTEDNESS FOR SHAREHOLDER'S PORTION OF CORPORATION NET OPERATING LOSS.—

(1) Reduction in basis of stock.—The basis of a shareholder's stock in an electing small business corporation shall be reduced (but not below zero) by an amount equal to the amount of his portion of the corporation's net operating loss for any taxable year attributable to such stock (as determined under section 1374(c)).

carryback recoveries for any corporate net operating loss" under section 172 of the Code. However, there is no support in the Code for such position. Section 172 of the Code, which provides for the carryback of net operating losses, defines the term "net operating loss" for any taxable year as "the excess of the deductions allowed by this chapter [chapter 1] over the gross income." Accordingly, in determining the net operating loss of each petitioner for 1963 which may be carried back to prior years, the statute does not permit any deduction on account of the net operating loss of the corporation for the taxable year 1963 in excess of the amount computed in accordance with the limitation set forth in section 1374(c)(2). Nor is there any other provision of the Code which permits the petitioners to utilize the corporation's net operating loss.

The gist of the petitioners' argument appears to be that, since the corporation is an electing small business corporation under subchapter S and hence is not taxable, and that since they are responsible for paying the tax, they should be entitled to full use of the corporation's net operating loss. The simple answer to this is that the statute does not so provide, and the petitioners' argument would be more properly addressed to Congress than to this Court, which is bound to enforce the statutes as enacted by Congress.

The respondent's determination is approved.

*Decisions will be entered for the respondent.*