Edward Lee **ROBERTS**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

Richard Lee **PLOWDEN** and Dale T. Plowden, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

Nos. 12111, 12253.

United States Court of Appeals Fourth Circuit.

Submitted June 19, 1968.

Decided June 20, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 297.

Edward Lee Roberts and Richard Lee Plowden, pro se on briefs for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, and Marco S. Sonnenschein, Attys., Dept. of Justice, on brief, for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

**PER CURIAM:**

The decision of the Tax Court[1] is affirmed.

Taxpayers believe themselves wronged in the instant case because of a basic misunderstanding as to the interaction of §§ 172 and 1374 of the Internal Revenue Code of 1954.[2] They argue that § 172 takes precedence over § 1374 and entitles them to a larger net operating loss deduction than that computed by the Commissioner. What they fail to perceive, however, is that under the circumstances of this case, § 172 is not applicable to them.

During the period critical to the determination of this controversy, taxpayers were equal partners in a corporation for which they had elected subchapter S treatment.[3] The corporation suffered a substantial loss for the taxable year 1963, a loss which gives rise to the instant controversy.

 The starting point for ascertaining the tax consequences of the loss in question is § 172(h) which provides:

> In determining the amount of the net operating loss deduction under subsection (a) of any corporation, there shall be disregarded the net operating loss for such corporation for any taxable year for which such corporation is an electing small business corporation under subchapter S.

Thus, it is clear that where subchapter S status has been elected, a net operating loss is unavailable to the corporation itself and § 172 is inapplicable to it. Rather, it was determined by Congress that such a loss should be made directly

---

1. 48 T.C. 666.

2. 26 U.S.C.A. §§ 172, 1374.

3. See 26 U.S.C.A. §§ 1371–1378.

deductible by the shareholders[4] within certain limits.[5] The taxpayers seek to take advantage of the direct deduction but also seek to escape its corresponding limitations. They argue apparently that §§ 172 and 1374 should be read together as making the full corporate loss directly available to them even when it exceeds the adjusted basis of their investment in the corporation. The statutory scheme, however, simply will not bear such reading. As shown above it is clear from § 172(h) that the operating loss in question is unavailable to the corporation for purposes of the carryback and carryover provisions of § 172. It is clear then that in the absence of further provision the loss would confer no tax benefit either directly or indirectly on the shareholders, for the loss belongs to the corporation and not to them individually. § 1374, however, with certain limitations, extends directly to the shareholders the right to deduct a pro rata share of the loss. This right of the shareholder to deduct personally a portion of the loss suffered by the corporation is created by § 1374 and is in no way dependent upon § 172 for its existence. It would be odd then to hold with the taxpayer that § 172 somehow nullifies the limitations placed upon the right in unequivocal language by § 1374. This is not to suggest that once the size of the deduction has been determined under § 1374 there is never any interaction with the carryback and carryover provisions of § 172. Where the deduction allowed under § 1374 is not completely offset by the shareholder's personal income from other sources in the year of the corporate loss, then those provisions become relevant. But this occurs only when it has been determined that the shareholder individually has suffered a net loss and not simply the corporation. In the instant case it appears that taxpayers were able to make full use of the deduction allowed by § 1374 in the year the corporate loss was sustained, and, therefore, § 172 is inapplicable.

Other contentions advanced by taxpayers have been adequately dealt with in the opinion of the Tax Court and further comment would be repetitious.

For the reasons set forth above and by the Tax Court, the decision of the Tax Court is affirmed.

Affirmed.