Donald J. and Joan R. Sauvigne v. Commissioner.
Sauvigne v. Commissioner
Docket No. 3293-69SC.
United States Tax Court
T.C. Memo 1971-30; 1971 Tax Ct. Memo LEXIS 301; 30 T.C.M. (CCH) 123; T.C.M. (RIA) 71030; February 11, 1971, Filed *301 The petitioner held stock in an electing small business corporation, which sustained an operating loss in the year 1965. On his own return for that year, the petitioner claimed a deduction for what he considered to be his proportionate share of the corporate loss. Held, he is not entitled to such a deduction because of his complete failure to prove his basis in the stock. Donald J. Sauvigne, pro se, 55 Agate Rd., East Brunswick, N. J.Patrick E. Whelan, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $945.86 in the income tax of the petitioners *303 for the taxable year 1965. The only issue for decision is whether the petitioner is entitled to deduct $4,561.96 as his portion of a loss sustained by an electing small business corporation. Findings of Fact The petitioners, Donald J. Sauvigne and Joan R. Sauvigne, are husband and wife, who maintained their residence in East Brunswick, New Jersey, at the time the petition was filed in this case. For the taxable year 1965, they filed their joint Federal income tax return with the district director of internal revenue, Newark, New Jersey. Mr. Sauvigne will be referred to as the petitioner. In 1965, the petitioner owned 7 shares of Ferguson Automotive Imports, Ltd. (FAI), which was an electing small business corporation within the meaning of section 1371(b), Internal Revenue Code of 1954. [1] The tax return of such corporation for the taxable year ended October 31, 1965, showed a loss from operations of $79,238.13. However, the total capital of the corporation at that time was only $61,912.49. Mr. Sidney H. Rand, the certified public accountant who handled FAI's affairs, computed the portion of the loss deductible by each shareholder by treating the total deductible *304 loss as $61,912.49, the amount of the total capital of the corporation, and by allocating such amount among the shareholders in proportion to their ownership of stock. Since 95 shares were then outstanding, 7/95ths of the total, or $4,561.96, was allocated to the petitioner. Mr. Rand communicated such calculations to the petitioner by a letter dated January 14, 1966, in which the accountant expressed the opinion that the petitioner could deduct that amount as his share of FAI's loss on his 1965 tax return. The primary force behind the formation of FAI was Joseph B. Ferguson, Sr., who has since died. The only relationship between Mr. Ferguson and the petitioner was a business relationship dating from 1963, when an automotive business owned by the petitioner and his brother combined with a similar business owned by Mr. Ferguson and his son. The petitioner was the president of the corporation which resulted from that combination (the old corporation). As president of the old corporation, the petitioner performed certain services with respect to the creation of FAI. Such services consisted of certain administrative *305 duties; also, the petitioner allowed some of the old corporation's funds to be used for some of the starting expenses of FAI. However, there were other people who had more influence than he in the formation of FAI. The petitioner acquired the 7 shares of stock in FAI from Mr. Ferguson. The 124 petitioner paid nothing in money or property for the shares. He regarded the shares as a gift to him, or as a token of appreciation for his suggestions to aid Mr. Ferguson in the establishment of FAI; he has not treated such stock as compensation. Mr. Ferguson made similar distributions of stock in FAI to others who had been original shareholders in the old corporation. Opinion The issue for decision is whether the petitioner may deduct $4,561.96 as his share of a loss suffered by FAI. Section 1374(b) allows a shareholder of an electing small business corporation to deduct from his gross income an amount equal to his portion of any loss sustained by such corporation in that taxable year. The shareholder's portion of the loss is determined by allocating the loss among the shareholders in proportion to their ownership of stock. Sec. 1374(c)(1). However, the loss deduction is limited by *306 the provisions of section 1374(c)(2), which state, insofar as here relevant, that the shareholder's deductible portion of the loss shall not exceed the adjusted basis of his stock as of the close of the corporation's taxable year. Jack Haber, 52 T.C. 255 (1969), affd. per curiam 422 F. 2d 198 (C.A. 5, 1970); Donald M. Perry, 49 T.C. 508 (1968); Richard Lee Plowden, 48 T.C. 666 (1967), affd. sub nom. Roberts v. Commissioner, 398 F. 2d 340 (C.A. 4, 1968), cert. denied 393 U.S. 936 (1968); John E. Byrne, 45 T.C. 151 (1965), affd. 361 F. 2d 939 (C.A. 7, 1966). See also sec. 1.1374-1(b)(4), Income Tax Regs. Such limitation is clearly set forth in the statute and is applicable even though such basis is less than the fair market value of the stock, or the corresponding proportion of the net worth of the corporation, or the corresponding proportion of the corporate net operating loss. Richard Lee Plowden, supra; John E. Byrne, supra. Ordinarily, the basis of property is determined by its cost. Sec. 1012. However, under section 1015, if Mr. Ferguson made a gift *307 of the stock to the petitioner, the petitioner's basis in the stock could be the basis of the donor, but the petitioner has failed to prove that he acquired the stock by a gift as that term is used in section 1015. Such a gift results from "detached and disinterested generosity," rather than being a reward for services performed. Commissioner v. LoBue, 351 U.S. 243, 246 (1956), rehearing denied 352 U.S. 859 (1956). The absence of a legal or moral obligation to make a payment does not establish that it is a gift. Commissioner v. Duberstein, 363 U.S. 278 (1960). If the payment is in return for services rendered, it is compensation despite the fact that the donor derives no economic benefit from it. Robertson v. United States, 343 U.S. 711, 714 (1952). Although the petitioner testified that he considered the stock to be a gift, he thought it was a token of appreciation for his aid in the creation of FAI; furthermore, it was clear that the only relationship between him and Mr. Ferguson was of a business nature. Such evidence suggests that the transfer of the stock to the petitioner may have been compensatory; the evidence certainly falls *308 short of proving that the transfer was a gift within the meaning of section 1015. Moreover, even if the transfer of the stock to the petitioner constituted a gift, he has failed to establish the donor's basis in such stock. It is not clear how much of the capital of the corporation was contributed by Mr. Ferguson, and there is no indication as to the amount of the total capital of the corporation at the time of its inception. If the stock was transferred to the petitioner as compensation for his assistance in the formation of FAI, then its fair market value was taxable income to the petitioner and became the basis of the stock in the petitioner's hands. James H. Torrens, 31 B.T.A. 787, 795 (1934); E.D. Knight, 28 B.T.A. 188, 189 (1933); J. Heninger, 9 B.T.A. 1318 (1928); 3A Mertens, Law of Federal Income Taxation (1968), sec. 21.21. There is not an iota of evidence to indicate what such value was; indeed, the record does not even show when the petitioner received the stock. The record indicates that the petitioner did not report the value of the stock as income when he received it. Also, we cannot determine the value of the stock at that *309 time by reference to the value of the services performed by petitioner with respect to the creation of FAI, because we have no evidence as to the value of such services. In addition, the respondent argues that even if the petitioner had shown the initial basis of the stock, he would have to show 125 further that such basis had never been reduced pursuant to an adjustment under section 1376(b)(1). Under that provision, the basis of stock in an electing small business corporation is reduced by reason of any net operating loss sustained by the corporation. Of course, it is true that the petitioner has not established whether or not FAI sustained any losses prior to 1965, but we have no need to reach this issue in light of our finding that no initial basis was shown. The petitioner was advised at trial that he had the burden of proof with respect to the factual elements of his case. See Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice. Nevertheless, he has utterly failed to prove his basis in the stock of FAI. He has not proved Mr. Ferguson's basis in such stock; nor has he proved that he is entitled to use Mr. Ferguson's basis, since it *310 has not been shown that the petitioner acquired the stock by gift. Also, since he failed to prove the value of the stock at the time of its acquisition by him, he has not proved its basis if the transfer to him was compensatory. On the basis of such a record, we have no choice but to uphold the respondent's disallowance of this deduction Because of the respondent's concession on another issue, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩