**Francis L. MILLER, Jr. and Ruby F. Miller, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ.A. 1:97CV74.**

United States District Court, N.D. West Virginia.

March 10, 1999.

Amy M. Smith, William T. Belcher, Steptoe & Johnson, Clarksburg, WV, for plaintiffs, Francis L. Miller, Jr., and Ruby F. Miller.

Daniel W. Dickinson, Jr., Assistant United States Attorney, Wheeling, WV, R. Scott Clarke, United States Department of Justice, Tax Division. Washington, DC, for defendant, U.S.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

The parties to this case have filed cross-motions for summary judgment. Plaintiffs, Francis L. Miller, Jr. and Ruby F. Miller (sometimes "the Millers"), contend that they are entitled as a matter of law to recover federal income tax and interest erroneously assessed and collected for the tax year ended December 31, 1993. They argue that the passive activity loss and nonrecourse liability rules embodied in the Internal Revenue Code allowed them to offset the gain from Mr. Miller's complete redemption of his stock interest in a subchapter S corporation, Marion Docks, Inc., such that the plaintiffs are entitled to their claimed refund of $70,956.78 plus interest.

The United States of America ("Government") maintains that it is entitled to summary judgment because the Millers erroneously claimed a $227,657 flow-through loss from Marion Docks, Inc. on their 1993 federal income tax return. It is the Government's position that Internal Revenue Code § 1366 limited the Millers' deduction of the flow through losses from the S corporation to Mr. Miller's adjusted basis in his stock and debt. According to the Government, Mr. Miller lacked sufficient basis to claim the entire flow-through loss of $227,657 and, for that reason, the plaintiffs are not entitled to a refund.

The Court will summarize the facts pertinent to resolution of these motions, and then explain why the Government is entitled to summary judgment.

### Facts

Prior to and during 1993, plaintiff, Francis L. Miller, Jr., held a one-third interest in Marion Docks, Inc. ["Marion Docks"], a subchapter S corporation. As of January 1, 1993, the corporate records for Marion Docks indicate that Mr. Miller's basis in his stock was $0, and that he had a $2,447 "suspended loss" from 1992, due to his inadequate basis in the stock. On December 31, 1993, because Mr. Miller no longer was able to actively participate in the activities of Marion Docks due to significant medical problems, the corporation redeemed his one-third interest for $275,000. According to the plaintiffs, at the time of the stock redemption Mr. Miller's basis in the stock was $24,572, which consisted of professional fees incurred in the negotiations surrounding the redemption.

Marion Docks' corporate income tax return for 1993 reflected an ordinary loss in the amount of $675,636; however, Marion Docks issued a Form K-1 to Mr. Miller for tax year 1993, which, in pertinent part, provided that: (1) his share of corporate interest income was $20,968; (2) his share of corporate charitable deduction was $542; (3) his share of nondeductible corporate expense was $1,178; and, most importantly for purposes of analyzing these cross-motions for summary judgment, (4)

*his ordinary loss was limited to a basis of $19,790.*

On or before April 15, 1994, the Millers jointly filed a Form 1040 U.S. Individual Income Tax Return for the year 1993. William J. Quinn, CPA, of Meredith, Quinn & Stenger, CPAs in Clarksburg, West Virginia, prepared this return for the Millers. Mr. Quinn used a Commerce Clearing House (CCH) computerized tax preparation program called Prosystem to prepare the Millers' tax return, including Forms 6198 (At Risk Limitations) and 8582 (Passive Activity Loss Limitations). According to the Millers, Mr. Quinn followed Prosystem and the instructions relating to Forms 6198 and 8582 without override or exception, identifying Mr. Miller's basis in his Marion Docks stock on the first day of the 1993 tax year as $0. The Prosystem program then permitted Mr. Quinn to offset the net of Mr. Miller's $275,000 proceeds from the stock redemption minus his December 31, 1993 adjusted basis of $24,752 ($275,000 minus $24,752 equals a $250,428 gain, which is reflected on Schedule D—Capital Gains and Losses) against his share of ordinary loss relating to Marion Docks of $227,659.[1] Notably, the Schedule E calculation of Francis Miller's ordinary loss from Marion Docks did not take into consideration the $19,790 stated basis limitation on the Form K–1 issued by Marion Docks. As a result, the Millers' claimed loss of $227,659 was comprised of the 1992 suspended loss carryover of $2,447[2] plus Mr. Miller's entire one-third distributive share of Marion Docks' corporate loss ($675,636) in the amount of $225,212. Based upon that loss and other unrelated items, Mr. Quinn calculated the plaintiffs' 1993 federal income tax liability to be $12,220, which the Millers timely paid.

1. This ordinary loss is reflected on Schedule E—Income or Loss from Partnerships and S Corporations of the Miller's 1993 income tax return.

2. The Government now argues that the IRS should not have allowed the $2447 suspended

On or before May 10, 1996, the Government determined that, because of inadequate basis under I.R.C. § 1366(d), the Schedule E loss claimed by the Millers on their 1993 federal income tax return could not offset the net proceeds from the stock redemption. The Internal Revenue Service ["IRS"] disallowed $205,422 of the Millers' claimed $227,659 Schedule E loss, based on its assertion that Mr. Miller's loss was limited to his adjusted basis in the stock prior to redemption ($19,790 as reflected on the K–1 supplied to him by Marion Docks) plus the suspended loss from 1992 in the amount of $2447. After the IRS proposed to assess the resulting additional tax deficiency in the amount of $58,998 plus interest in the amount of $11,958.78, the Millers executed a Waiver of Restrictions on Assessment and Collection of Deficiency and paid $70,956.78 to the IRS. After filing a claim for refund, which the IRS denied, the Millers filed this lawsuit seeking an income tax refund of $70,956.78, plus interest, for tax year 1993.

### *Discussion*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) This burden does not require the movant to show evidence that proves absence of a genuine issue of material fact, but only to point out its absence. *Id.; Pumphrey v. C.R. Bard, Inc.*, 906 F.Supp. 334, 336 (N.D.W.Va.1995).

loss, but admits that this administrative allowance will inure to the benefit of the Millers. As neither party has challenged the correctness of this allowance by the IRS, the Court declines to address the issue.

The burden then shifts to the party opposing the motion. *Id.* Rule 56 provides that "a party opposing a properly supported motion for summary judgment 'may not rest upon mere allegations or denials of [the] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Otherwise, summary judgment is warranted.

### A.

The relevant statutory provisions governing resolution of the parties' dispute are I.R.C. §§ 1366 and 1367. These statutes instruct the taxpayer on how to account for income, losses, deductions and credits of an S corporation, as well as how to pass through those items to the S corporation shareholders. Specifically, I.R.C. § 1366(a) provides, in relevant part, that a shareholder of a subchapter S corporation is to report on his individual income tax return the *pro rata* share of the corporation's

(A) items of income (including tax-exempt income), loss, deduction, or credit the separate treatment of which could affect the liability for tax of any shareholder; and

(B) nonseparately computed income or loss.

■ The Government does not dispute that the Millers reported Francis Miller's *pro rata* share of Marion Dock's loss; rather it argues the plaintiffs erroneously calculated that *pro rata* share by failing to limit the loss to his adjusted basis of $19,790, as required by I.R.C. § 1366(d)(1). Section 1366(d)(1) initially limits the de-

duction provided for by § 1366(a), providing that the amount of flow-through losses a shareholder can deduct on his individual income tax return shall not exceed the sum of the adjusted basis of his stock in the S corporation and his adjusted basis of any indebtedness of the S corporation to the stockholder. *Byrne v. Commissioner,* 361 F.2d 939 (7th Cir.1966).[3]

The Government notes that Marion Docks correctly calculated Francis Miller's adjusted basis in the corporation as $19,790[4], and issued to him a K–1 stating that his ordinary loss would be limited to that adjusted basis. It is undisputed that Mr. Miller made no outlays to increase his adjusted basis. He neither made a capital contribution nor loaned any money to the corporation. Nor did he make any other type of economic outlay to increase the amount of his stock basis available to absorb corporate deductions or losses. *Estate of Leavitt v. Commissioner,* 875 F.2d 420, 422 (4th Cir.), *cert. denied,* 493 U.S. 958, 110 S.Ct. 376, 107 L.Ed.2d 361 (1989) (decided under I.R.C. § 1374(c)(2), the predecessor of I.R.C. § 1366(d)(1)); *Hitchins v. C.I.R.,* 103 T.C. 711, 715, 1994 WL 711926 (1994); *Keech v. C.I.R.,* T.C.Memo. 1993–71, 1993 WL 53772 (1993).

Thus, as the result of the limitation on Mr. Miller's adjusted basis, after the redemption of his stock in Marion Docks the plaintiffs were entitled to deduct Mr. Miller's distributive share of the corporation's loss *only up to $19,790.*

### B.

The plaintiffs suggest that the Court apply passive activity loss and nonrecourse liability rules, embodied in I.R.C. §§ 465

---

**3.** A taxpayer's adjusted basis in his stock and debt in an S corporation is calculated pursuant to I.R.C. § 1367. The essence of the rules promulgated under this statute requires a shareholder first to increase his basis for each dollar of income received or accrued from the nondeductible, noncapital expenses of the corporation, and then to reduce his basis for each dollar attributable to items of loss or deduction from the activity.

**4.** To calculate this adjusted basis, Marion Docks added plaintiff Miller's adjusted basis on December 31, 1992.($0) to the amounts he received as a distributive share of corporate income, a total of $20,968. Marion Docks then subtracted Miller's $1178 distributive share of nondeductible corporate expenses.

and 469, respectively, to allow them to offset the gain from Mr. Miller's complete redemption of his stock by the loss relating to his interest in that entity. They further contend that these statutes and their corresponding regulations *create* basis in the form of recognized gain (under § 469) which then can be offset by losses (under § 465).

Quite simply, this analysis is incorrect. The passive activity loss and nonrecourse liability rules relied upon by the Millers do not create basis to be adjusted by gains and/or losses. A taxpayer's basis initially is determined using §§ 1366 and 1367. Only then are the passive activity loss and nonrecourse liability rules applied to *further limit* the deductible flow-through loss that a S corporation shareholder can claim on his individual tax return.

The plaintiffs erred in failing to limit Mr. Miller's ordinary loss to the adjusted basis of $19,790, as set forth on the K-1 form provided by Marion Docks. They also erred in applying the passive activity loss and nonrecourse liability rules, thereby deducting the entire amount of Miller's share of the flow-through loss ($225,212) which resulted in an erroneous tax computation. The fact that the computerized Prosystem program permitted these errors to occur does not entitle the plaintiffs to their requested relief.

### C.

No genuine issue of material fact exists in this case. The law does not permit a taxpayer to deduct a flow-through loss from an S corporation in excess of that taxpayer's adjusted basis in his stock and debt in the corporation. Plaintiff Francis Miller erroneously deducted just such an excessive loss, and the IRS thereafter properly denied the plaintiffs' requested refund.

The Government is entitled to summary judgment as a matter of law. The Government's motion for summary judgment is **GRANTED** and the plaintiffs' motion for summary judgment is **DENIED**, and this case is **DISMISSED WITH PREJUDICE** from the docket of the Court.

It is so **ORDERED**.